IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

DEVON RILEY,

    PLAINTIFF

                      10 Civ 530/AKH/AJP
   vs                COMPLAINT [JURY TRIAL]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY UNDERCOVER POLICE OFFICERS
# 3237 and 624 NEW YORK CITY
POLICE OFFICERS "JOHN DOES",
NEW YORK CITY POLICE OFFICER
SERGEANT NEFTALI BETANCES,
NEW YORK CITY POLICE OFFICER
DETECTIVE FRANCIS VIOLA,
the identified and non identified
persons in their individual and
in their official capacities,

    DEFENDANTS
_____

## I.   INTRODUCTION

1.   This is a litigation which arises out of the Plaintiff's stop, detention and custodial arrest on November 15, 2008 at or about 3:30 P.M. in the vicinity of a retail business open to the public located between 118th Street and 119th Street and Lenox Avenue, Harlem, New York. The event, out of which the litigation arises, concluded on December 17, 2009 when, with the agreement and request and on the motion of the New York County District Attorney's Office, the criminal proceedings and all of the pending criminal charges related to the proceedings, which derived from and arose out of the Plaintiff's arrest, were dismissed by a sitting Justice of the Supreme Court of the State of New York, the County of New York, wherein the criminal proceedings had been pending since shortly after the Plaintiff's November 15, 2008 arrest.

2.   The litigation also arises out of the Plaintiff's stop, detention, and his custodial arrest on November 15, 2008 and the Plaintiff's criminal prosecution and the

ultimate dismissal of the criminal charge associated with the Plaintiff's arrest on December 17, 2009.

4. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

5. The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

7. The facts which give rise to the State law claims have a common nucleus with the facts which give rise to the federal law claims. The federal and the pendent State law claims arise out of the same transaction.

8. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, *et seq.*, this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

9. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

### III. THE PARTIES

10.   The Plaintiff is an African American citizen and resident of the State of New York, the City of New York, and the County of New York.

11.   The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

12.   Defendants Undercover Officers 3237 and 624, Detective Francis Viola, John "Does", and Sergeant Neftali Betances are New York City Police Officers and agents and employees of the City of New York.  Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

### IV. ALLEGATIONS

13.   The Plaintiff is Devon Riley.

14.   The Plaintiff is an African American citizen and resident of the City of New York, the State of New York, and the County of New York.

15.   The Plaintiff resides at 1980 7th Avenue, Apt. # 5C, New York, New York 10026.

16.   The Plaintiff resides at the foregoing address with his mother who is employed as an accountant.

17.   The Plaintiff is nineteen years of age.

18.   The Plaintiff's birth date is January 14, 1990.

19.   The Plaintiff attended the Thurgood Marshall high school.

20. The Plaintiff left school in the 10th grade. The Plaintiff is anticipating enrolling in a GED program in order to secure his high school degree.

21. Most recently, the Plaintiff was employed as a volunteer at the Children's Aid Society.

22. The Plaintiff had been unemployed for approximately the last six or seven months while the criminal proceedings, which grew out of his arrest as described hereinafter, were on-going.

23. The Plaintiff has now re-engaged with the Children's Aid Society where, once again, he is employed as a volunteer and through which Children's Aid Society the Plaintiff expects to enroll in the afore-mentioned GED program.

24. The incident which gives rise to this litigation commenced on November 15, 2008 when the Plaintiff was arrested. It concluded on December 17, 2009 when the criminal proceedings, which derived from and arose out of the Plaintiff's arrest, were dismissed and all of the pending criminal charges related to the criminal proceedings were also dismissed, with the agreement and request and on the motion of the New York County District Attorney's Office, by a sitting Justice of the Supreme Court of the State of New York, the County of New York, wherein the criminal proceedings had been pending since shortly after the Plaintiff's November 15, 2008 arrest.

25. Prior to the Plaintiff's arrest on November 15, 2008, the Plaintiff had never been arrested and the Plaintiff had no record of prior arrests or convictions.

26. The Plaintiff's arrest took place in the vicinity of a retail business open to the public and located between 118th Street and 119th Street and Lenox Avenue, Harlem, New York City, New York.

27. The Plaintiff's arrest took place at or about 3:30 P.M. in the afternoon of November 15, 2008.

28. Prior to the Plaintiff's arrest, the Plaintiff had previously been at the Wachovia Bank on 117th Street and Lenox Avenue, Harlem, New York City, New York where the

4

Plaintiff had withdrawn seventeen hundred dollars [$1700.00] from his account at that bank and which he had in his possession at the time of his arrest.

29. When the Plaintiff was approximately fifteen years old, in or about 2005, he had been struck by an automobile and injured. As a consequence, the Plaintiff sued the owner of the automobile and settled his case for the sum of $24,500.00 which sum was then deposited in a trust account for him, as a minor, at the Wachovia Bank. As of November, 2008, the Plaintiff, having achieved his majority age of eighteen, had access to the monies into the account.

30. The Plaintiff was preparing to go to Hempstead, Long Island, New York to purchase a used automobile and the money, which he then had withdrawn and was in his possession, was to be utilized to pay for the vehicle which he anticipated purchasing.

31. After withdrawing the afore-described monies from the Wachovia Bank on 117th Street and Lenox Avenue, the Plaintiff went to his grandmother's residence at 119th Street between Fifth Avenue and Lenox Avenue, Harlem, New York City, New York to visit with her.

32. Thereafter the Plaintiff left his grandmother's residence

33. The Plaintiff walked toward 119th Street between Fifth Avenue and Lenox where he stopped very briefly to say hello to some people on a stoop of a building.

34. After being at the location for only a very brief period, perhaps at most a minute, and exchanging greetings with people on a stoop of a building at the location, the Plaintiff proceeded to walk away toward the location of the store where he was going to buy a t-shirt before going to Long Island for the purposes of engaging in the business of purchasing the automobile [as described above].

35. After the Plaintiff had left his grandmother's residence and was proceeding toward the location where he briefly exchanged greetings with individuals thereat, the Plaintiff noticed individuals, whom he later came to learn were plain clothes New York City Police Officers, engaging people at the location.

36. So the Plaintiff, having briefly exchanged greetings with some people on a stoop at the location, continued to walk, as he had been doing when he got to the area [that is walking], toward the location of the clothing store.

37. The Plaintiff continued to walk to his designation of the retail clothing store where he had been going when he briefly engaged individuals in greetings.

38. The Plaintiff entered into the clothing store and chose a t-shirt and proceeded to the cashier when, at the cashier's location inside the store, an individual, subsequently learned by the Plaintiff to be a plain clothes New York City Police Officer, came up the Plaintiff and placed the Plaintiff under arrest.

39. The Plaintiff was searched and otherwise handcuffed.

40. The Plaintiff was transported to the New York City Police Department 25th Precinct narcotics hub, which is next to the 25th Precinct facility itself, where he was processed.

41. The Plaintiff was subjected to an intrusive body search, photographed, and fingerprinted.

42. As noted previously, the Plaintiff had never been arrested prior to the afore-described arrest.

43. The Plaintiff did not possess any drugs, any contraband or weapons, or any fruits of any kind of drug transaction.

44. The Plaintiff was never, ever involved in a drug transaction on the afore-described date or ever and no reasonable police officer could have ever believed that the Plaintiff was on that date, as alleged by police officers, involved in any drug transaction or that the Plaintiff facilitated a drug transaction or enterprise.

45. The Plaintiff was eventually transported to Manhattan Central Booking.

46. The Plaintiff was arraigned and bail was set at $2500.00 which the Plaintiff was able to make.

47. The Plaintiff was charged with engaging in a drug transaction on November 15, 2008.

48. The charge as described or otherwise was fabricated by New York City Police Officers and false.

49. Eventually, the Plaintiff was indicted on a felony charge, allegedly and supposedly involving a drug transaction on November 15, 2008, a charge against the Plaintiff which was totally fabricated and false and about which New York City Police Officers allegedly testified in a grand jury proceeding.

50. It was alleged by the Defendants that drug money, which was given by undercover officers to an individual other than the Plaintiff, was eventually handed off to the Plaintiff who then supposedly handed the money off to another individual who was never apprehended.

51. The alleged and supposed involvement of the Plaintiff, which was described by New York City Police Officers [as set forth above], was false.

52. The Plaintiff had no involvement of any kind in a drug transaction on November 15, 2008—or ever and the Plaintiff had no knowledge whatsoever of any drug transaction if any which occurred at any location where the Plaintiff happened to be on the date in question and at the time in question.

53. In or about November, 2009 and after several Court appearances during the period of time from the Plaintiff's arrest on November 15, 2008 to November, 2009, the Plaintiff was tried on the felony indictment, the latter of which was the result of testimonies given by the Defendants—some or all, and which, as implicating the Plaintiff, were false.

54. At the conclusion of the trial, the jury deliberated and was deadlocked. The Court declared a mistrial after three day's of jury deliberations.

55. It is believed that the jury was deadlocked eleven to one in favor of acquittal.

56. At the conclusion of the trial, the New York County District Attorney's Office announced that it would not re-try the Plaintiff.

57. Thereafter and pursuant to the procedures required in the criminal proceedings due to the fact of the indictment, the New York County District Attorney's Office undertook a merits based evaluation of the arrest and prosecution and filed a written formal Recommendation for Dismissal of the indictment and the dismissal of the criminal proceedings then pending in the Criminal Division of the Supreme Court of the State of New York and County of New York [wherein the indictment had been returned and where the trial had been held]. The District Attorney specifically and particularly stated in its Recommendation of Dismissal to the Court that, upon its evaluation of the evidence, "the case cannot be proven beyond a reasonable doubt". Moreover and given that the Plaintiff had never been arrested previously the District Attorney's Office deemed the dismissal of the case to be in the interest of justice.

58. On December 17, 2009 and by order of a sitting New York State Supreme Court Justice, the criminal proceedings were concluded and all criminal charges dismissed.

59. The Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense or any other offense under and of the law to justify his, stop, detention, custodial arrest, further detention, the preferral of any charge, including but not limited to engaging in a felony drug transaction, and the prosecution of the Plaintiff associated therewith.

60. There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

61. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

62. There was no basis for the stop and detention and inquiry and there was no probable cause for the custodial arrest of the Plaintiff or for the preferral of charges against the Plaintiff or for the prosecution of the Plaintiff.

63. The Plaintiff was unlawfully stopped and detained, since there was absolutely no basis for the initial stop and detention, he was subjected to a false arrest and unlawful custodial detention and imprisonment and he was subjected to malicious prosecution, malicious abuse of criminal process and to excessive, unreasonable and unnecessary force in the form of his handcuffing and, as well, to an unnecessary, excessive, and unreasonable intrusive body search.

64. The actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means" including but not limited to racial profiling that propels New York City Police Officers to make unlawful and otherwise unjustified stops and detentions of individuals simply because of the race of the individual as an African American.

65. Such crime offense enforcement initiative propels officers to make stops, detentions, and custodial arrests where there is no basis for the initial stop and detention and no probable cause for any arrest and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses.

66. The policy and practices have a disproportionate impact on African Americans who, because of their race, are, often times and for no other reason but the race factor singled out for stops, detentions and arrests and derogatory treatment, based on racial considerations and bias, and discriminatory treatment based on racial factors bias.

67. The Plaintiff was unlawfully stopped and detained and falsely arrested and subjected to racially discriminatory conduct and subjected to malicious prosecution and the malicious abuse of criminal process and excessive and unreasonable and unnecessary force [in the form of handcuffing] and excessive detention.

68. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

69. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including unlawful stop and detention, false arrest and imprisonment, malicious abuse of criminal process, and malicious prosecution, and assault and battery [in the form of the handcuffing and the physical actions associated with the taking of the Plaintiff into custody], racial discrimination, and excessive detention.

70. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

71. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma, and embarrassment, and humiliation, and physical pain and suffering.

72. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

73. The Plaintiff has no other adequate remedy of law other than for the institution of this litigation.

### V.   CAUSES OF ACTION

#### A.   FIRST CAUSE OF ACTION

74. The Plaintiff reiterates Paragraph #'s 1 through 73 and incorporates such by reference herein.

75. The Plaintiff was unlawfully stopped and detained and falsely arrested and falsely and excessively imprisoned and detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

76. The Plaintiff suffered injuries and damages.

### B. SECOND CAUSE OF ACTION

77. The Plaintiff reiterates Paragraph #'s 1 through 76 and incorporates such by reference herein.

78. The Plaintiff was unlawfully stopped and detained and falsely arrested and falsely and excessively imprisoned and detained in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

79. The Plaintiff suffered injuries and damages.

### C. THIRD CAUSE OF ACTION

80. The Plaintiff reiterates Paragraph #'s 1 through 79 and incorporates such by reference herein.

81. The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

82. The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

83. The Plaintiff reiterates Paragraph #'s 1 through 82 and incorporates such by reference herein.

84. The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

85. The Plaintiff suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

86. The Plaintiff reiterates Paragraph #'s 1 through 85 and incorporates such by reference herein.

87. The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under

the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

88.  The Plaintiff suffered injuries and damages.

### F.  SIXTH CAUSE OF ACTION

89.  The Plaintiff reiterates Paragraph #'s 1 through 88 and incorporates such by reference herein.

90.  The Plaintiff was subjected to malicious prosecution in violation of his rights under the laws and Constitution of the State of New York.

91.  The Plaintiff suffered injuries and damages.

### G. SEVENTH CAUSE OF ACTION

92.  The Plaintiff reiterates Paragraph #'s 1 through 91 and incorporates such by reference herein.

93.  The Plaintiff was subjected to malicious abuse of criminal process as his arrest was designed for a collateral purpose of increasing arrest statistics and not for the legitimate and lawful purpose it was designed.

94.  The Plaintiff was subjected to malicious abuse of criminal process in violation of his rights guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

95.  The Plaintiff suffered injuries and damages.

### H.  EIGHTH CAUSE OF ACTION

96.  The Plaintiff reiterates Paragraph #'s 1 through 95 and incorporates such by reference herein.

97.  The Plaintiff was subjected to malicious abuse of criminal process in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

98.  The Plaintiff suffered injuries and damages.

### I. NINTH CAUSE OF ACTION

99. The Plaintiff reiterates Paragraph #'s 1 through 98 and incorporates such by reference herein.

100. The Plaintiff was subjected to a excessive force in the form of extended handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

101. The Plaintiff suffered injuries and damages.

### J. TENTH CAUSE OF ACTION

102. The Plaintiff reiterates Paragraph #'s 1 through 101 and incorporates such by reference herein.

103. The Plaintiff was subjected to assault and battery in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

104. The Plaintiff suffered injuries and damages.

### K. ELEVENTH CAUSE OF ACTION

105. The Plaintiff reiterates Paragraph #'s 1 through 104 and incorporates such by reference herein.

106. The Plaintiff was subjected to unreasonable terms and conditions of his stop, detention, and custodial arrest including an intrusive search and an extended period of custodial detention in a police vehicle in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section1 983.

107. The Plaintiff suffered injuries and damages.

### L. TWELFTH CAUSE OF ACTION

108. The Plaintiff reiterates Paragraph #'s 1 through 107 and incorporates such by reference herein.

109. The Plaintiff was subjected to unreasonable terms and condition of his stop, detention, and custodial arrest including an intrusive search and an extended period of

custodial detention in a police vehicle in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

110.   The Plaintiff suffered injuries and damages.

### M. THIRTEENTH CAUSE OF ACTION

111.   The Plaintiff reiterates Paragraph #'s 1 through 112 and incorporates such by reference herein.

113.   The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

114.   The Plaintiff suffered injuries and damages.

### N.   FOURTEENTH CAUSE OF ACTION

115.   The Plaintiff reiterates Paragraph #'s 1 through 114 and incorporates such by reference herein.

116.   The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

117.   The Plaintiff suffered injuries and damages.

### O.   FIFTEENTH CAUSE OF ACTION

118.   The Plaintiff reiterates Paragraph #'s 1 through 117 and incorporates such by reference herein.

119.   Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

120.   The Plaintiff suffered injuries and damages.

P.   SIXTEENTH CAUSE OF ACTION

121.   The Plaintiff reiterates Paragraph #'s 1 through 120 and incorporates such by reference herein.

122.   The Defendant City of New York, if the City represents its Officers, uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

123.   The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

124.   Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

125.   The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of <u>respondeat</u> <u>superior</u>.

126.   The Plaintiff suffered injuries and damages.

WHEEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    [a] Invoke pendent party and pendent claim jurisdiction.

    [b] Award appropriate compensatory and punitive damages.

    [c] Award appropriate declaratory and injunctive relief.

    [d] Empanel a jury.

    [e] Award attorney's fees and costs.

    [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
       January 25, 2010

    Respectfully submitted,

    /s/ James I. Meyerson_____
    JAMES I. MEYERSON [JM 4304]
    64 Fulton Street @ Suite # 502
    New York, New York 10013
    [212] 226-3310
    [212] 513-1006/FAX
    jimeyerson@yahoo.com

    ATTORNEY FOR PLAINTIFF
    BY:_____